UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILE DIVENS, | Case No.: 2:24-cv-00942-APG-BNW |
| Plaintiff | **Order** |
| v. | |
| JULIE WILLIAMS, et al., | |
| Defendants | |

Plaintiff Emile Divens brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 1-1.  On June 3, 2024, the magistrate judge ordered Divens to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before July 3, 2024. ECF No. 3.  The magistrate judge warned Divens that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $405 filing fee for a civil action by that deadline. *Id.* at 2.  That deadline expired and Divens did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

**I.	Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S.*

*Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Divens's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Divens either files a fully complete application to proceed *in forma pauperis* or pays the $405 filing fee for a civil action, the only

alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Divens needs additional time or evidence that he did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Divens's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with the magistrate judge's June 3, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Divens wishes to pursue his claims, he must file a complaint in a new case.

Dated: July 17, 2024

_____
U.S. District Judge